**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAMIAN D. HARRIELL,

              Plaintiff,

              v.

KEISHA FISHER, et al.,

              Defendants.

Civil Action No. 23-21983 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) and *sua sponte* screening of *pro se* Plaintiff's civil rights complaint. (ECF No. 1.) As Plaintiff has shown that he is entitled to proceed *in forma pauperis* in this matter his application will be granted. This Court is therefore required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, or fails to state a basis for relief. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice.

## I.    BACKGROUND

Plaintiff is a state prisoner confined at Bayside State Prison. (ECF No. 1 at 1-2.) While previously imprisoned at South Woods State Prison, Plaintiff was attacked in his cell by other inmates that he had previously reported to Defendant Burrison for possessing a weapon. (*Id.* at 12.) Plaintiff alleges Burrison told the other inmates, and they attacked him as a result. (*Id.*) Plaintiff thus seeks to raise a failure to protect claim against Burrison. (*Id.*) Plaintiff also raises

this claim against Defendant Gross, who during rounds asked if Plaintiff was alright and left when told all was well without checking for himself while Plaintiff was restrained by other inmates who threatened him if he spoke out. (*Id.*) Finally, Plaintiff also raises his claim against Warden Fisher, presumably on a vicarious basis as Plaintiff pleads no facts regarding her. (*Id.*)

In his complaint, Plaintiff acknowledges that there are available administrative remedies he could pursue to have his claims addressed by the jail before proceeding with suit in this Court. (*See id.* at 6-8.) Plaintiff, however, did not make use of these remedies before filing suit in this Court. (*Id.*) Plaintiff did not do so because he "didn't think he need[ed] to do so because" he was interviewed by the prison's investigations department. (*Id.*)

## II.   **LEGAL STANDARD**

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff will be granted *in forma pauperis* status in this matter. Pursuant to this statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. DISCUSSION

In his complaint, Plaintiff seeks to raise failure to protect claims against officers of South Woods State Prison which relate to the conditions under which he was confined at that prison. Pursuant to 42 U.S.C. § 1997e(a), however, "[n]o action shall be brought with respect to [confinement] conditions under section 1983[,] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute requires prisoners to "exhaust administrative remedies even where the

3

relief sought – [such as] monetary damages – cannot be granted by the administrative process."
*Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006); *see also Booth v. Churner*, 532 U.S. 731, 734 (2001).
Where administrative remedies are available, a plaintiff seeking to raise civil rights claims related
to his conditions of confinement must therefore fully and properly exhaust his administrative
remedies prior to filing suit, and even exceptional circumstances will not excuse a plaintiff's failure
to exhaust his claims prior to filing his complaint. *Ross v. Blake*, --- U.S. ---, ---, 136 S. Ct. 1850,
1856-57 (2016). This "exhaustion requirement applies to all inmate suits about [detained] life,
whether they involve general circumstances or particular episodes, and whether they allege
excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Booth
v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001).

In this matter, Plaintiff acknowledges that a prison grievance system is available to him,
and could be used to properly exhaust his claims, and that he chose not to make use of this system
as he had previously talked to investigators. Thus, Plaintiff directly pleads that he failed to exhaust
his claims prior to filing suit and that he did not take action to exhaust his claims. Regardless of
any prison disciplinary investigation, Plaintiff is required to exhaust his claims before pursuing a
civil rights claim. *See, e.g., Simmons v. Lanigan*, No. 16-4215, 2021 WL 1712577, at *6 (D.N.J.
Apr. 30, 2021) (only fully appealed prison grievance form will exhaust remedies, inquire forms
and SID investigations are not what is required under relevant NJ prison exhaustion rules).
Because Plaintiff, by his own admission, did not even attempt to exhaust his claims, this Court
must dismiss his complaint without prejudice at this time. Plaintiff may refile suit once he has
properly exhausted his claims by filing an appropriate grievance and fully appealing it to the
appropriate authorities.

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint after Plaintiff has exhausted his administrative remedies.  An order consistent with this Opinion will be entered.


Hon. Karen M. Williams,
United States District Judge